FILED
2019 Oct-23 AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| LILLIAN GOODLAW, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No.: 3:19-cv-1263-LCB ) |
| KOHLER COMPANY, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Kohler Company ("Kohler"), Chris Bell, and Jeff Bennett (collectively, "defendants") have filed a motion to dismiss (doc. 7). Plaintiff did respond to the motion to dismiss. For the reasons discussed below, the motion to dismiss is granted.

## I. BACKGROUND

On July 17, 2019, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1, pp. 12-14). In the charge, plaintiff alleged discrimination based on age and disability, as well as retaliation. Specifically, plaintiff alleged that she was hired by Kohler on October 19, 2018, injured on the job on October 24, 2018, and then terminated on December 19, 2018. (*Id*.). Plaintiff's charge stated that December 19, 2018, was the latest date on which discrimination allegedly took place. (*Id*. at 12).

On July 26, 2019, the EEOC issued a dismissal and notice of rights letter. (*Id.* at 9). In the letter, the EEOC stated that it was closing its file on plaintiff's charge of discrimination because she did not timely file her charge with the EEOC. (*Id.*). Specifically, the letter stated, "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (*Id.*).

On August 7, 2019, plaintiff, who is *pro se*, filed her complaint. In her complaint, plaintiff alleges that defendants violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA") and Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17 ("ADA") via termination of her employment, failure to accommodate her disability, and retaliation. The complaint alleges that the discriminatory acts occurred on October 28, 2018. (Doc. 1, p. 4).

On September 5, 2019, defendants filed the motion to dismiss. Although ordered to do so, plaintiff failed to file a response to the motion to dismiss. Defendants argue that the complaint fails to state a claim for two reasons. First, defendants argue that plaintiff failed to exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC. Second, defendants argue that plaintiff attempts to assert claims against individual defendants under federal statutes that do not provide for individual liability. The Court will address each argument in turn.

## II. DISCUSSION

### A. Failure to exhaust administrative remedies

An EEOC charge must be filed "within one hundred and eighty [180] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005) ("Under . . . 42 U.S.C. § 2000e-5(e)(1), only those unlawful employment practice[s] that are complained of in a timely-filed charge of discrimination to the EEOC can form the basis for Title VII liability.") (internal quotations marks omitted). If a plaintiff fails to file an EEOC charge before the 180-day period elapses, the claim is untimely, and the plaintiff's claim "is procedurally barred for failure to exhaust her administrative remedies." *Malone v. K-Mart Corp.*, 51 F. Supp. 2d 1287, 1300 (M.D. Ala. 1999). A plaintiff pursing ADA and ADEA claims must comply with the same procedural requirements set forth in Title VII, which include filing a timely charge of discrimination with the EEOC. *EEOC v. Summer Classics, Inc.*, 471 F. App'x 868, 869-70 (11th Cir. 2012) ("Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, including the duty to exhaust administrative remedies."); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5); 29 U.S.C. § 626(d)(1)(A) (stating that no civil action under the ADEA may be filed unless a charge has been filed with the EEOC within 180 days after the alleged unlawful practice occurred);

*Leach v. State Farm Mut. Auto. Ins. Co.*, 431 F. App'x 771, 774-75 (11th Cir. 2011). "Failure to file the charge within 180 days of the alleged unlawful employment practice bars the claim." *Summer Classics,* 471 F. App'x at 870 (citation omitted); *see also Zipes v. TWA*, 455 U.S. 385, 392–98 (1982); *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (*per curiam*) ("Timely filing a charge of discrimination is a prerequisite to bringing suit under both Title VII and the ADA . . . . An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC."); *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010) ("Before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC."); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) (explaining that because Alabama is a non-deferral state, ADEA plaintiffs in Alabama must comply with § 626(d)(1)(A)'s 180–day deadline).

Plaintiff's charge indicates that she was injured on the job on October 24, 2014, and that prior to her injury, she was harassed or discriminated against based on her age; plaintiff's charge also states that she was ultimately terminated by Kohler on December 19, 2018. Using the December 19, 2018, termination date, the 180-day deadline for plaintiff to file her EEOC charge was, at the very latest, June 17, 2019. Plaintiff filed her EEOC charge on July 17, 2019. In other words, plaintiff's EEOC

4

charge was not timely filed. Indeed, the EEOC dismissed plaintiff's charge on the basis that it was not timely filed. Therefore, the Court finds that plaintiff's lawsuit should be dismissed for failure to timely file an EEOC charge and exhaust her administrative remedies as required by law.

B.  **No individual liability for ADEA and ADA**

Defendants also argue that the claims against the individual defendants in this action should be dismissed for an additional reason: neither the ADEA nor the ADA provide for individual liability. The Court agrees that the claims against the individual defendants should be dismissed for this additional reason. *See, e.g.*, *Tobar v. Fed. Defs. Middle Dist. of Georgia, Inc.*, 618 F. App'x 982, 985 n.2 (11th Cir. 2015) ("The district court correctly dismissed Roseberry from the lawsuit because there is no individual liability under the ADEA or the ADA."); *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("Because individual liability is precluded for violations of the ADA's employment discrimination provision, we conclude that the district court properly dismissed Albra's discrimination claim against the Abbotts."); *Williams v. Alabama Dep't of Corr.*, No. 4:12-CV-4043-KOB, 2014 WL 636977, at *7 (N.D. Ala. Feb. 18, 2014) (granting summary judgment as to individual defendants because "'only the employer, not individual employees, can be liable under'" the ADA, as is the case with Title VII and the ADEA."), *aff'd*, 649 F. App'x 925 (11th Cir. 2016).

## III. CONCLUSION

Accordingly,

IT IS ORDERED that the motion to dismiss (doc. 7) is GRANTED. The claims in this action are DISMISSED WITH PREJUDICE.

A final judgment will be entered separately.

**DONE** and **ORDERED** October 23, 2019.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE